UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

JORGE LUIS ALVAREZ SERRANO, JUNIOR EMILIO QUIMIS RODRIGUEZ, DARWIN L. LUCAS MURILLO, and ELIZA ALEJANDRA RODRIGUEZ PIBAQUE,

     Plaintiffs,

vs.

UNITED STATES OF AMERICA, and U.S. CUSTOMS & BORDER PROTECTION,

     Defendants.

_____/

**COMPLAINT FOR RETURN OF PROPERTY AND
EQUITABLE RELIEF PURSUANT TO RULE 41(g), FED.R.CRIM. P.,
THE FOURTH AND FIFTH AMENDMENT OF THE CONSTITUTION
AND THE SUPERVISORY POWERS OF THE COURT**

Plaintiffs, Jorge Luis Alvarez Serrano ("Serrano"), Junior Emilio Quimis Rodriguez ("Rodriguez"), Darwin L. Lucas Murillo ("Murillo"), and Eliza Alejandra Rodriguez Pibaque ("Pibaque"), through undersigned counsel, sue U.S. CUSTOMS & BORDER PROTECTION ("CBP") and the UNITED STATES OF AMERICA ("government") for equitable relief pursuant to Rule 41(g), Fed. R. Crim. P., the Fourth, and Fifth Amendments of the United States Constitution and the supervisory powers of this Court, and under 18 U.S.C.Sec. 983(e) and request that the Court enter judgment in their favor directing CBP and the Government to release gold and gold jewelry in the amounts of $125,055.00, and $17,115.00 in U.S. currency seized in Fort Lauderdale, Florida on July 23, 2025. In support of this Complaint, Plaintiffs allege:

## NATURE OF THE ACTION

This is an action for the return of property, namely gold jewelry owned by Serrano which includes (1) a skull, bracelet, Christmas tree, chain with cross, bracelets and a cross with a value of $115,455.00; (2) a gold metal skull carried by Rodriguez with a value of $9,600.00; and U.S. currency, namely (3) $422.00 belonging to Serrano; (4) $6,333.00 belonging to Rodriguez; (5) $7,760.00 belonging to Murillo; (5) $2,600.00 belonging to Pibaque; and other equitable relief invoking the equitable jurisdiction of the Court and its supervisory powers pursuant to Rule 41(g), Fed. R. Crim. P, which is treated as a civil complaint in equity where there is no pending criminal proceeding, and for violation of the Fourth and Fifth Amendments to the Federal Constitution.

This action is brought against the Defendants for having seized in July 2025, without probable cause, and without providing adequate notice of the seizures to the Plaintiffs through which Plaintiffs would have exercised their rights to request judicial proceedings or administratively petition CBP to remit the Property and currency, the property and currency and then unjustifiably delaying the commencement of federal judicial forfeiture proceedings after Petitioners submitted two (2) claim and cost bonds for the gold jewelry for referral to the United States Attorney's Office back in September 2025; and CAFRA Seized Asset Claims for the Government file a complaint for forfeiture in September 2025. To this date, no judicial forfeiture proceedings regarding the jewelry and currency exist, or were otherwise commenced in any forum, despite Petitioners' demands to CBP that judicial proceedings commence forthwith. Due to the Defendants' violations of Plaintiffs' due process rights and the unlawful deprivation of Plaintiffs' property, under the Fourth and Fifth Amendments, Plaintiffs request that this Court, exercising its equitable jurisdiction, render judgment in their favor that Defendants return the

jewelry and currency to Plaintiffs forthwith.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is pursuant to 28 U.S.C. Secs. 1331, 1356, 1651, Rule 41(g), Fed. R. Crim. P., the equitable jurisdiction of the Court and the Fourth, and Fifth Amendments to the Federal Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(e)(1) as the events giving rise to this claim substantially occurred in the Southern District of Florida and Plaintiffs' property is located in the Southern District of Florida.

## PARTIES

3. Plaintiff Serrano is a resident of Ecuador and is in the business of primarily purchasing and exporting gold and jewelry to Ecuador. Serrano owns a registered business under the trade name J&d in Daule, Guayas, Ecuador.

4. Plaintiff Murillo is a resident of Ecuador and is Serrano's cousin. Murillo travels to the U.S. as part of his courier services to purchase goods in the U.S., and export same to Ecuador.

5. Plaintiff Rodriguez is a resident of Ecuador, is unrelated to Serrano and accompanies Serrano on their trips to the U.S. Rodriguez travels to the U.S. as part of his courier services to purchase goods in the U.S., and export same to Ecuador.

6. Plaintiff Pibaque is a resident of Ecuador and is the mother of Rodriguez. Pibaque travels to the U.S. as part of her courier services to purchase goods in the U.S., and export same to Ecuador.

7. Defendants are United States Customs and Border Protection ("CBP") an agency of the Department of Homeland Security of the United States government and the United States of America.

**FACTS COMMON TO ALL COUNTS**

8. In July 2025, Plaintiffs were traveling from Ecuador to the U.S., specifically to the Ft. Lauderdale residence of Serrano's cousin, Javier Cerezo ("Cerezo"). Plaintiffs' stay in the U.S. was less than one week.

9. Serrano is the sole owner of all gold items seized through the non-CAFRA cases subject to this Complaint. Rodriguez merely carried the gold item for Serrano in FP&F Case No. 2025521090000901, and does not have an ownership in said gold item.

10. All Plaintiffs individually have an ownership interest in the currency respective to the amounts each carried and as described above.

11. All Plaintiffs brought legitimately and validly derived U.S. currency on their person in order to pay for travel expenses.

12. All Plaintiffs were examined in secondary examination by CBP, at which time the subject property and currency were seized.

13. Plaintiffs have retained undersigned counsel to prosecute these proceedings and agreed to pay him a reasonable attorney's fee.

**COUNT I**
**Equitable Relief Under Rule 41(g)**
**Motion for Return of Gold Jewelry**

14. Serrano realleges Pars. 1-13 of this Complaint as if fully alleged and incorporated herein.

15. Due to the escalation of the already high crime rates in Ecuador, and even having been threatened, Serrano decided to move his gold jewelry, a major part of his life savings and livelihood, to the U.S. for secured storage in a safe at the Ft. Lauderdale residence of Petitioner Serrano's cousin Cerezo.

16. Serrano intended to bring the gold jewelry with him as personal items, not items that would be immediately sold, as they represent his life savings and are pivotal to his Ecuadorian

business.

17. Serrano is the sole owner of all gold items seized. Rodriguez agreed to merely carry a gold metal skull for Serrano. Rodriguez does not have an ownership or beneficiary interest in said gold item.

18. On July 23, 2025, CBP officers at Ft. Lauderdale International Airport seized Serrano's gold jewelry for the alleged failure to declare merchandise pursuant to 19 USC 1497(a)(1), and on August 7, 2025 issued a Seizure Notice under FP&F Case No. 2025521090000801.

19. On July 23, 2025, CBP officers at Ft. Lauderdale International Airport seized Serrano's gold jewelry on Rodgriguez's person for the alleged failure to declare merchandise pursuant to 19 USC 1497(a)(1), and on July 30, 2025 issued a Seizure Notice addressed to Rodriguez under FP&F Case No. 2025521090000901.

20. CBP issued the Seizure Notices to the address of Cerezo, where there is a low probability that Serrano and Rodriguez would receive the Notices in a timely manner, being residents of Ecuador and being in the U.S. for less than a week.

21. On September 26, 2025, Serrano's trade counsel emailed and mailed CBP claims with court cost bonds for each case (2025521090000801 and 2025521090000901), demanding CBP refer the cases to the USAO as provided in the seizure notices.

22. On October 1, 2025, CBP sent Serrano's Trade counsel a letter stating CBP did not accept the claim for FP&F Case No. 2025521090000901 on the basis that it is untimely and that CBP administratively forfeited the seized property.

23. Serrano's trade counsel has not received any further correspondence on the seizure under FP&F Case No. 2025521090000801, but Serrano understands that CBP has not referred the matter to the USAO and administratively forfeited the merchandise.

24. Pursuant to Rule 41(g), Fed. R. Crim. P. a party aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.

25. An action under Rule 41(g), Fed. R. Crim. P., when there is no pending criminal proceeding, invokes the Court's equitable powers to enter relief that the Government return Plaintiff's property and is treated as a civil complaint, governed by the Federal Rules of Civil Procedure. United States v. Solis, 108 F.3d 722 (7th Cir. 1997); United States v. Palenzuela-Mendez, 2018 U.S. Dist. LEXIS 199133 *3; 2018 WL 6171471 (S.D. Ind., November 26, 2018); United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).

26. Serrano is the owner of and has a possessory interest in the gold jewelry.

27. Serrano and Rodriguez have clean hands.

28. The gold jewelry does not fall under the currency reporting requirements of negotiable monetary instruments because said items are in the form of jewelry and not bullion, gold coins, and medals as required by CBP to be reported per CBP's article concerning regulations for importing bullion, gold coins, and medals into the United States.

29. Defendants' continued seizure and restraint of the gold jewelry is unlawful in that there is no probable cause for seizure or forfeiture of the property, in violation of the Fourth Amendment to the Constitution.

30. Serrano is aggrieved by the continued deprivation of his property and is losing business and income due to the inability to have access and use of his property.

31. Serrano and Rodriguez are not in violation of any federal law.

32. This Court has equitable jurisdiction and the power to provide relief to Serrano as no judicial civil forfeiture action at law against the property has been filed.

33. Serrano has no adequate remedy at law.

34. Serrano is suffering irreparable harm due to Defendants' continued restraint and seizure of the gold jewelry, by depriving him of his rightfully owned property, which is declining in value while in wrongful possession of the Defendants.

35. Defendants have displayed a callous disregard for the Constitutional rights of Serrano by depriving him of property without due process of law under the Fifth Amendment, and without probable cause or reason for their continued possession of their property under the Fourth Amendment.

36. Defendants' continued retention of Serrano's property is unreasonable and there is no legitimate interest requiring Defendants' retention of the property.

37. If this Court does not act under its equitable jurisdiction, Defendants will have in effect, accomplished a de facto forfeiture in violation of civil and criminal forfeiture statues, and the protections of the Constitution.

WHEREFORE, Plaintiff Serrano requests that this Court exercise its equitable jurisdiction pursuant to Rule 41(g), Fed. R. Crim. P., the Fourth and Fifth Amendments to the Constitution and the Court's supervisory powers and render judgment that the Defendants release the gold jewelry with the combined value of $125,055.00 for both FP&F cases, 2025521090000801 and 2025521090000901, to Serrano forthwith, along with whatever other relief is just and proper, including an award of reasonable attorneys' fees under the Equal Access to Justice Act.

### COUNT II
### Equitable Relief Under Rule 41(g)
### Motion for Return of U.S. Currency

38. Plaintiffs reallege Pars. 1-13 of this Complaint as if fully alleged and incorporated herein.

39. While Serrano (carrying $422.00) and Murillo (carrying $7,760.00) are cousins, they are not

related to Rodriguez (carrying $6,333.00) and Rodriguez's mother Pibaque (carrying $2,600.00), and collectively are not a family unit.

40. No individual Plaintiff had more than $10,000.00 on their person. Even if considered as two different family units, Serrano's and Murillo's combined currency did not exceed $10,000.00, nor did Rodriguez's and Pibaque's.

41. Combined, Plaintiffs carried a mere $17,115.00.

42. The currency reporting requirements are not applicable as "members of a family residing in one household entering the United States that submit a joint or family declaration must declare if the members are collectively carrying currency or monetary instruments in a combined amount over $10,000 on their Customs Declaration Form (CBP Form 6059B)."

43. On July 23, 2025, CBP officers at Ft. Lauderdale International Airport seized said Currency during secondary examination on the allegation that Plaintiffs were structuring to evade reporting requirements pursuant to 31 USC 5317(c)(2), 31 USC 5324(c), and on July 18, 2025 issued a Seizure Notice to Murillo under FP&F Case No.  2025521000045102, that incorporates by reference Case Nos. 2025521000045101 (addressed to Serrano), 2025521000045103 (addressed to Rodriguez), and 2025521000045104 (addressed to Pibaque).

44. CBP addressed the seizure notice to Murillo's address in Ecuador.

45. On September 26, 2025, trade counsel for Serrano, Rodriguez and Pibaque emailed to CBP CAFRA claims demanding CBP that the Government immediately file complaints for forfeiture on the seized Currency.

46. On September 30, 2025, trade counsel for Murillo emailed to CBP a CAFRA claim demanding CBP that the Government immediately file a complaint for forfeiture on the

seized Currency.

47. On September 30, 2025, CBP informed Plaintiffs' trade counsel through email, stating CBP did not accept Plaintiffs' claims on the basis they are untimely.

48. Pursuant to Rule 41(g), Fed. R. Crim. P. a party aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.

49. An action under Rule 41(g), Fed. R. Crim. P., when there is no pending criminal proceeding, invokes the Court's equitable powers to enter relief that the Government return Plaintiff's property and is treated as a civil complaint, governed by the Federal Rules of Civil Procedure. United States v. Solis, 108 F.3d 722 (7th Cir. 1997); United States v. Palenzuela-Mendez, 2018 U.S. Dist. LEXIS 199133 *3; 2018 WL 6171471 (S.D. Ind., November 26, 2018); United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).

50. Plaintiffs are the owners of and have a possessory interest in the currency.

51. Plaintiffs have clean hands.

52. Defendants' continued seizure and restraint of the gold jewelry is unlawful in that there is no probable cause for seizure or forfeiture of the property, in violation of the Fourth Amendment to the Constitution.

53. Plaintiffs are aggrieved by the continued deprivation of their currency as it hindered their access to basic human needs such as food and drink, their ability to travel, and simply enjoy their vacation due to the inability to have access and use of their currency.

54. Plaintiffs are not in violation of any federal law.

55. This Court has equitable jurisdiction and the power to provide relief to Plaintiffs as no judicial civil forfeiture action at law against the property has been filed.

56. Plaintiffs have no adequate remedy at law.

57. Plaintiffs are suffering irreparable harm due to Defendants' continued restraint and seizure of the currency, by depriving them of their rightfully owned property, which is declining in value while in wrongful possession of the Defendants.

58. Defendants have displayed a callous disregard for the Constitutional rights of Plaintiffs by depriving them of property without due process of law under the Fifth Amendment, and without probable cause or reason for their continued possession of their property under the Fourth Amendment.

59. Defendants' continued retention of Plaintiffs' property is unreasonable and there is no legitimate interest requiring Defendants' retention of the property.

60. If this Court does not act under its equitable jurisdiction, Defendants will have in effect, accomplished a de facto forfeiture in violation of civil and criminal forfeiture statues, and the protections of the Constitution.

61. WHEREFORE, Plaintiffs request that this Court exercise its equitable jurisdiction pursuant to Rule 41(g), Fed. R. Crim. P., the Fourth and Fifth Amendments to the Constitution and the Court's supervisory powers and render judgment that the Defendants release currency with the combined value of $17,115.00 for the four (4) cases forthwith, along with whatever other relief is just and proper, including an award of reasonable attorneys' fees under the Equal Access to Justice Act.

### COUNT III

### Due Process Violation Based on Inadequate Notice for Non-CAFRA Cases

62. Serrano realleges pars. 1-13, 18, 19, 20, 21, 22, and 23 as if fully set forth and incorporated herein.

63. CBP seized Plaintiff Serrano's gold jewelry in July 2025 through FP&F Cases

2025521090000801 and 2025521090000901 and sent the Seizure Notices to places or persons to which it would have been practically impossible to timely file claims and cost bonds or administrative petitions.

64. The Notices were sent to the address of Serrano's cousin Cerezo in Ft Lauderdale, where Plaintiffs Serrano and Rodriguez do not reside, and stayed only for 5 days, after which, Serrano and Rodriguez flew back to Ecuador.

65. Serrano and Rodriguez should not have had to rely on Cerezo to timely inform Serrano and Rodriguez of the mailed Seizure Notices, especially since obtaining material from mail without authorization is a federal crime under 18 USC § 1708; and after receipt, mailing to Ecuador from the U.S. takes an average of seven (7) to twenty-one (21) business days, if no customs issues exist. The twenty-one days is already guaranteed to result in an untimely election of judicial proceeding, which is required to be conveyed to FP&F twenty (20) from the date of the Seizure Notice.

66. Despite this inadequate notice of the seizures to Claimant, CBP rejected the claims as untimely and forfeited the property prior to the claims being filed when the untimeliness of filing the claims was caused by the inadequate notice.

67. CBP continues to hold such property without providing Serrano a remedy at law to challenge the seizures, despite Serrano filing claim and cost bonds in September 2025 for referral of the matter for federal judicial forfeiture proceedings.

68. As of the date of the filing of this Complaint, Defendants have not commenced a civil judicial forfeiture proceeding against Serrano's property but continue to retain that property and deprive Serrano of his rightful possession of that property. No criminal proceeding is pending against the property, or anyone with a legal, beneficial, or equitable ownership

interest in the property.

69. The deprivation of Serrano's property based on inadequate notice and without cause and without commencing legal proceedings to allow Serrano to challenge the wrongful deprivation of their property violates the due process clause of the Fifth Amendment, thereby depriving Serrano of a remedy at law.

70. Due to the Defendants' violation of Plaintiffs' Fifth Amendment due process rights due to inadequate notice, the Court should order the return of Serrano's property forthwith. See, United States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983).

WHEREFORE, Plaintiff Serrano requests that this Court exercise its equitable jurisdiction pursuant to Rule 41(g), Fed. R. Crim. P., and the Fifth Amendment to the Constitution and the Court's supervisory powers and render judgment that the Defendants release the gold jewelry seized under FP&F Cases 2025521090000801 and 2025521090000901 to Serrano forthwith, along with whatever other relief is just and proper including an award of attorneys' fees under the Equal Access to Justice Act.

## COUNT IV

### Motion to Set Aside Forfeiture for CAFRA Cases

71. Plaintiffs reallege pars. 1-13 as if fully set forth and incorporated herein.

72. Pursuant to 18 USC 983(e), Plaintiffs move the Court to set aside the declaration of forfeiture by CBP for FP&F CAFRA Seizure Cases  2025521000045102, 2025521000045101, 2025521000045103, and 2025521000045104 because Defendants failed to take reasonable steps to provide Plaintiffs with notice, and Plaintiffs did not know or have reason to know of the seizure within sufficient time to file a timely claim.

73. The Seizure Notice for Case No. 2025521000045102 incorporates three other cases (said

cases ending in 101, 103, and 104) into one (1) Seizure Notice. Plaintiffs Serrano, Rodriguez and Pibaque are without knowledge if Notices were ever mailed to them to Ecuador, like the Notice to Murillo. This inadequate notice to Serrano, Rodriguez and Pibaque violate the CAFRA notice requirements per 18 USC 983(a)(1)(A)(i) which states that, "notice shall be sent in a manner to achieve proper notice." Consequently, Defendant CBP failed to take reasonable steps to provide Plaintiffs with notice.

74. Similarly, the Notice to Murillo mailed to Ecuador could not have been reasonably expected to be timely responded to, since mailing to Ecuador from the U.S. takes an average of seven (7) to twenty-one (21) business days, if no customs issues exist. The twenty-one days are already guaranteed to result in an untimely election of judicial proceeding, which is required to be conveyed to FP&F twenty (20) from the date of the Seizure Notice.

75. Despite this inadequate notice of the seizures to Plaintiffs, CBP rejected the claims as untimely and forfeited the property prior to the claims being filed when the untimeliness of filing the claims was caused by the inadequate notice.

76. As of the date of the filing of this Complaint, Defendants have not commenced a civil judicial forfeiture proceeding against Plaintiffs' currency but continue to retain that currency and deprive Plaintiffs of their rightful possession of that currency. No criminal proceeding is pending against the property, or anyone with a legal, beneficial, or equitable ownership interest in the currency.

77. The deprivation of Plaintiffs' currency without cause and without commencing legal proceedings to allow Plaintiffs to challenge the wrongful deprivation of their currency violates the due process clause of the Fifth Amendment due to the unreasonable delay of the Defendants in commencing such forfeiture proceedings and depriving Plaintiffs of a remedy

at law.

78. Due to the Defendants' violation of Plaintiff's Fifth Amendment due process rights due to inadequate notice, the Court should order the return of Plaintiffs' currency forthwith. See, United States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983).

79. Defendants failed to take reasonable steps to provide Plaintiffs with notice, and Plaintiffs did not know or have reason to know of the seizure within sufficient time to file a timely claim.

80. Defendants have violated 18 U.S.C. Sec. 983(e) and therefore the Court should set aside any civil forfeiture in this case.

WHEREFORE, Plaintiffs request that this Court set aside the forfeiture and render judgment that the Defendants release the currency to Plaintiffs forthwith, along with whatever other relief is just and proper including an award of attorneys' fees under the Equal Access to Justice Act.

Dated:

Respectfully Submitted,
**BECERRA LAW, P.A.**

*s/ Robert J. Becerra*
Robert J. Becerra, B.C.S.
Florida Bar No. 856282
Counsel for Plaintiffs
75 Valencia Ave.
Suite 800
Coral Gables, Florida 33134
Tel: 305-375-0112
E-mail: rbecerra@rjbecerralaw.com